Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERONICA PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:20-cv-11329<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq*.<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788** *et seq*.<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, VERONICA PEREZ, through counsel, WAJDA LAW GROUP, APC, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for MIDLAND CREDIT MANAGEMETN, INC.'s violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. VERONICA PEREZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Los Angeles, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized under the laws of Kansas.

9. Defendant maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92180.

10. Defendant's affiliate Midland Funding, LLC ("Midland Funding") is one of the nation's most prominent debt buyers. Midland Funding purchases defaulted debt from original creditors and places the purchased debt with Defendant for collection.

11. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

12. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACUTAL ALLEGATIONS

13. Years ago, Plaintiff obtained a personal credit card through Credit One Bank, N.A. ("Credit One").

14. Plaintiff made various charges for personal purposes on the Credit One credit card, amassing a balance.

15. Due to unforeseen financial difficulties, Plaintiff fell behind on her monthly payments to Credit One.

16. Eventually, Plaintiff's account fell into default status with an unpaid balance ("subject debt").

17. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Shortly thereafter, Midland Funding purchased the subject debt from Credit One and placed the subject debt with Defendant for collection.

19. On December 2, 2020, Defendant sent Plaintiff a written correspondence attempting to collect the subject debt ("Midland's Letter").

20. Midland's Letter, which was sent in Spanish, depicted, in pertinent part:



21. Defendant's Letter presented various offers to Plaintiff to resolve the subject debt.

22. Moreover, Midland's Letter expressly stated: "DETENGA nuestras llamadas seleccionando una de estas 3 opciones" which translates to "STOP our calls by selecting one of these 3 options" ("the Language").

23. The Language implicitly implies that the *only* way to compel Defendant to cease its collection calls is to select one of the three payment options enumerated in Defendant's Letter.

24. The Language is patently misleading because the FDCPA requires debt collectors to cease communications with a consumer regarding a debt if the consumer requests the same in writing.

25. Specifically, subject to inapplicable exceptions, §1692(c)(c) of the FDCPA provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or **that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt**…. 15 U.S.C. §1692(c)(c).

26. The Language in Defendant's Letter was designed to mislead Plaintiff and other similarly situated consumers into believing that they must make payment on the debt to compel the cessation of the collection calls.

27. However, as set forth above, the FDCPA expressly provides consumers with mechanisms to compel the cessation of communications from a debt collector.

28. The language in Midland's Letter was deliberately designed to mislead Plaintiff and pressure Plaintiff into making a prompt payment on the subject debt in order to compel Defendant to cease its collection calls.

29. The language in Defendant's Letter was deliberately designed to mislead Plaintiff as to her rights and protections under the FDCPA and to obfuscate the same.

**DAMAGES**

30. After reading the Language in Defendant's Letter, Plaintiff was misled into believing that she had to make payment pursuant to one of the three offers enumerated in Defendant's Letter to compel Defendant to discontinue its collection calls or prevent Defendant from initiating future collection calls.

31. Accordingly, Defendant's misleading representations were material because they impacted Plaintiff's decision to pay the subject debt.

32. Specifically, Plaintiff has very limited means to pay the subject debt and was misled into believing that she had to make payment to escape Defendant's harassment.

33. The conundrum created by the language in Defendant's Letter caused Plaintiff significant emotional distress and anxiety due to her limited financial means.

34. It was only after Plaintiff conferred with her counsel that she discovered that she does not have to select one of the three payment options enumerated in Defendant's Letter to compel Defendant to cease its collection calls.

**CLAIMS FOR RELIEF**
**Count I – Violations of Sections 1692e and e(10) of the FDCPA**

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

37. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

38. Defendant violated 15 U.S.C. §§1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt.

5

39. Specifically, it is was inherently deceptive for Defendant to mislead Plaintiff into believing that Plaintiff has to select one of the three payment options to compel Defendant to discontinue its collection calls or otherwise prevent Defendant from initiating future collection calls.

40. As set forth above, the FDCPA provides consumers with mechanisms to compel a debt collector to cease communication with a consumer that do not require the consumer to make a payment on the debt.

41. Accordingly, the Language in Defendant's Letter misled Plaintiff as to her rights under the FDCPA.

42. The deceptive language in Defendant's Letter misled Plaintiff in a manner that deprived her of her right to enjoy the protections of the FDCPA.

43. As set forth above, Plaintiff was harmed by Defendant's deceptive collection practices.

**WHEREFORE**, Plaintiff, VERONICA PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

 a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;
 b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
 c. Awarding Plaintiff her reasonable attorney's fees and costs;
 d. Awarding any other relief as the Honorable Court deems just and proper.

## Count II – Violations of §1788.17 of the RFDCPA

44. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

45. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

46. As stated above, Defendant violated 15 U.S.C. §§ 1692e and e(10), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, VERONICA PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

c. Awarding the Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 15, 2020

Respectfully submitted,

VERONICA PEREZ

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com